UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>ANTHONY WHYTE, et al.<br>    *Defendant.* | No. 3:19-cr-00064 (VAB) |

**RULING AND ORDER ON MOTION FOR NEW TRIAL AND MOTION FOR RECONSIDERATION**

After an eleven-day trial, a jury found Anthony Whyte guilty of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, 100 grams or more of heroin, and 40 grams or more of fentanyl under 21 U.S.C. § 841(a)(1) (Count One); possession with intent to distribute and distribution of heroin under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Two and Three); possession with intent to distribute and distribution of 100 grams or more of heroin, 500 grams or more cocaine, and 40 grams or more of fentanyl under 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(ii), and 841(b)(1)(B)(vi) (Count Eight); possession of firearms in furtherance of a drug trafficking crime under 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2) (Count Nine); and conspiracy to launder monetary instruments under 18 U.S.C. § 1956(a)(1)(A)(i) (Count Thirteen).

Before the jury issued its verdict, Mr. Whyte moved for acquittal, and then renewed the motion after the jury issued its verdict, requesting acquittal of Counts One, Two, Three, Eight, Nine, and Thirteen. *See* Oral Mot. for J. of Acquittal as to [C]ounts 9 and 13 by Anthony Whyte, ECF No. 1770 (Sept. 23, 2021); Renewed Oral Mot. for Acquittal by Anthony Whyte, ECF No. 1785 (Sept. 28, 2021); Def. Anthony Whyte's Mem. in Supp. Mot. for J. of Acquittal Pursuant to

1

F. R. Crim. P. 29, ECF No. 1806 (Oct. 15, 2021) ("Whyte Mem. for J. of Acquittal"); Suppl. Mem. in Supp. of Mot. for Acquittal Pursuant to F. R. Crim. P. 29, ECF No. 1914 (Feb. 15, 2022) ("Whyte First Suppl. Mem. for J. of Acquittal").

On September 9, 2022, the Court denied Mr. Whyte's motions for acquittal and judgment of acquittal. *See* Order, ECF No. 1977 ("Acquittal Order").

On August 10, 2022, Mr. Whyte filed a motion for a new trial based on newly discovered evidence. Def. Whyte's Rule 33 Mot. for New Trial Due to Gov't Misconduct, ECF No. 1967 ("Mot. for New Trial").

On September 9, 2022, Mr. Whyte filed a motion for acquittal *nunc pro tunc*, *see* Mot. for Acquittal *Nunc Pro Tunc*, ECF No. 1975, however, the same day, Mr. Whyte filed a notice of withdrawal of this motion, *see* Notice of Withdrawal of Mot. for Acquittal at Doc. #1975, ECF No. 1976.

On October 12, 2022, Mr. Whyte filed a motion for reconsideration of the Court's Acquittal Order. Def. Whyte's Reply to Gov't Mem. in Opp'n to Mot. for a New Trial and for Reconsideration of Ruling on Rule 29 Mot., ECF No. 1981 ("Reply and Mot. for Reconsideration").

For the following reasons, the Court **DENIES** Mr. Whyte's motion for a new trial and **DENIES** Mr. Whyte's motion for reconsideration.

In light of the notice of withdrawal, Mr. Whyte's motion for acquittal *nunc pro tunc* is **DENIED as moot**.

I.    FACTUAL AND PROCEDURAL BACKGROUND

In light of the Court's prior written orders in this case, the Court assumes the parties' familiarity with the factual and procedural background. *See, e.g.*, Acquittal Order at 3–10.

## II. STANDARD OF REVIEW

### A. Motion for a New Trial

Rule 33 allows the court to "grant a new trial to [a] defendant if the interests of justice so require." Fed. R. Crim. P. 33. Under Rule 33, the trial court has "broad discretion to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). In deciding such a motion, courts may weigh the evidence and the credibility of witnesses but cannot "wholly usurp" the role of the jury. *United States v. Autuori*, 212 F.3d 105, 120 (2d Cir. 2000). Accordingly, the power to set aside a jury verdict "should be used 'sparingly' and only 'in the most extraordinary circumstances.'" *United States v. Zayac*, No. 3:09–cr–00136 (JCH), 2011 WL 5238823, at *2 (D. Conn. Nov. 1, 2011) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001)).

The court also "must examine the entire case, take into account all facts and circumstances, and make an objective evaluation." *Ferguson*, 246 F.3d at 134. "The ultimate test . . . is whether letting a guilty verdict stand would be a manifest injustice." *Id.* To grant the motion, "[t]here must be a real concern that an innocent person may have been convicted." *Id.* (internal quotation marks omitted).

### B. Motion for Reconsideration

Although the Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration, such motions may be filed in a criminal case. *See United States v. Clark*, 984 F.2d 31, 33–34 (2d Cir. 1993) (recognizing that a post-judgment motion for reconsideration can be filed in a criminal case so long as it is timely filed); D. Conn. L. Cr. R. 1(c) (explaining that D. Conn. L. Civ. R. 7(c) shall apply in criminal proceedings); *United States v. Reyes*, No. 3:11-cr-1 (JBA), 2013 WL 789735, at *1 (D. Conn. Mar. 4, 2013). In such cases, motions for

reconsideration are assessed under the civil reconsideration standard. *See United States v. Smith*, 105 F. Supp. 3d 255, 258 (W.D.N.Y. 2015).

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

### III.  DISCUSSION

#### A.  The Motion for a New Trial

A Rule 33 motion based on newly discovered evidence "may be granted only upon a showing that the evidence could not with due diligence have been discovered before or during trial, that the evidence is material, not cumulative, and that admission of the evidence would probably lead to an acquittal." *United States v. Owen*, 500 F.3d 83, 87 (2d Cir. 2007) (citations and internal quotation mark omitted). "Because motions for a new trial are disfavored in this Circuit the standard for granting such a motion is strict; that is, newly discovered evidence must be of a sort that could, if believed, change the verdict." *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995). To justify the relief authorized by Rule 33, the movant must show that the

evidence "could not have been discovered, exercising due diligence, before or during trial." *United States v. Jacobs*, 475 F.2d 270, 286 n.33 (2d Cir. 1973); *see also Owens*, 500 F.3d at 89 ("[W]e now join the majority of circuits to have addressed the issue and hold that Rule 33 does not authorize district courts to grant new trials on the basis of such evidence since it is not merely discovered, but merely newly available.").

Mr. Whyte argues that a new trial is warranted under Rule 33 because the Government "fail[ed] to disclose the prior misconduct of its investigating officer, TFO Jeremy Zielenski" and affirmatively "stat[ed] on the record . . . that there were no misconduct issues relating to the investigating officers." Mot. for New Trial at 2. More specifically, Mr. Whyte contends that the Government was required to disclose that in a prior case, *United States v. Robertson*, 239 F. Supp. 3d 426 (D. Conn. 2017), Officer Zelinski falsely testified under oath during a suppression hearing before Judge Meyer, "who specifically concluded that [he] do[es] not believe Officer Zelinski." *Id.* At the conclusion of the suppression hearing, Judge Meyer determined that "Officer Zelinski violated the Fourth Amendment during the course of his search of the table drawer at Robertson's Apartment" and that Officer Zelinski's sworn affidavit in support of a search warrant omitted certain facts. *Id.* In Mr. Whyte's view, if he had this information, he might have called Officer Zelinski "as a witness by defendant and his testimony would have been favorable and material to the defense." *Id.* at 6.

In response, the Government argues Mr. Whyte's motion "is meritless in that Officer Zelinski was not a trial witness nor a hearsay declarant," "cannot satisfy Rule 33's high standard of showing the guilty verdict was a 'manifest injustice,'" and does not establish a *Brady* or *Giglio* violation. Gov't Mem. of Law in Opp'n to Def. Whyte's Mot. for New Trial at 2–3, ECF No. 1973 ("Opp'n to Mot. for New Trial"). In the Government's view, the "information

5

regarding Officer Zelinski was a publicly available judicial opinion and equally accessible to the parties and therefore could not have been 'suppressed' by the [G]overnment." *Id.* at 3.

The Court agrees.

Publicly available information that could have been discovered before or during trial with due diligence cannot provide the basis for a Rule 33 motion for a new trial based on newly discovered evidence. *See United States v. Soblen*, 301 F.2d 236, 241–42 (2d Cir. 1962) (affirming the district court's denial of the defendant's Rule 33 motion because the "evidence claimed to have been suppressed by the government" was discussed at length in a prior Second Circuit decision and therefore, was, "at the time of the trial, a matter o[f] public record"); *United States v. Chinnici*, 431 F. Supp. 3d 470, 481 (D. Vt. 2019) (denying defendant's motion for a new trial based on newly discovered evidence because the purported "newly discovered evidence" was "from [the witness's] publicly available Facebook page [and] could have been obtained prior to trial through an exercise of due diligence"); *United States v. Teman*, 465 F. Supp. 3d 277, 343 & n.38 (S.D.N.Y. 2020) (finding that evidence that was "available on a public database" cannot form the basis of a motion for a new trial based on the Government's failure to disclose under *Brady* and *Giglio* because "the evidence . . . was a matter of public record, which [the defendant] himself had the ability to, and ultimately did, locate").

Here, Mr. Whyte claims that the newly discovered evidence is a ruling and order authored by Judge Meyer on March 8, 2017, more than four years before jury selection began in this case. *See* Min. Entry, ECF No. 1747 (Sept. 8, 2021) (noting the start of jury selection). Mr. Whyte included a copy of Judge Meyer's ruling and order, attached as an exhibit to this motion for a new trial. *See* Ex. A to Mot. for New Trial, ECF No. 1967-1. Mr. Whyte's counsel presumably was able to access the decision on WestLaw or Lexis when he was drafting this

motion. Moreover, as the Government suggested in its briefing and the Court has confirmed, a WestLaw search for "Jeremy Zelinski" reveals only three cases, one of which is *United States v. Robertson*. The Government named Officer Zelinski as a case agent as early as June 24, 2021 in its pretrial motion briefing. *See* Gov't Resp. to Defs. Pretrial Mots. at 6 n.4, ECF No. 1643 (June 24, 2021). Therefore, it is apparent that Mr. Whyte could have discovered this information with due diligence many months before trial and thus, this cannot be considered "newly discovered evidence." *See Soblen*, 301 F.2d at 241–42 (noting that court opinions are considered "a matter o[f] public record" and affirming the denial of a Rule 33 motion on this basis).

For the same reasons, Mr. Whyte also cannot establish that there was a *Brady* or *Giglio* violation. *See United States v. Zackson*, 6 F.3d 911, 918 (2d Cir. 1993) ("[T]he rationale underlying *Brady* is not to supply a defendant with all the evidence in the Government's possession which might conceivably assist the preparation of his defense, but to assure that the defendant will not be denied access to exculpatory evidence only known to the Government." (citations omitted)); *United States v. Constantine*, No. 20-4278, 2022 WL 950954, at *2 (2d Cir. 2022) (affirming the district court's denial of the defendant's Rule 33 motion based on an alleged *Brady* violation because the defendant "had sufficient access to the essential facts enabling him to take advantage of any exculpatory material that may have been available" (citations omitted)).

Accordingly, Mr. Whyte's motion for a new trial will be denied.

### B.  Motion for Reconsideration

Mr. Whyte, in his reply memorandum in support of his motion for a new trial, also moved for reconsideration of this Court's ruling on his Rule 29 motions for acquittal. *See* Reply and Mot. for Reconsideration. Mr. Whyte argues that the Court "should reconsider the finding in its Ruling that the [May 2018 text] conversation referred to the safe in Apt. 10." *Id.* at 8. Mr.

Whyte emphasizes that from May 2018 until December 2018, Apartment 10 was occupied by Michael Kaminski. *Id.* In Mr. Whyte's view, if the May 2018 text messages do not link a safe to Apartment 10 and if he were able to present the evidence from *United States v. Robertson* in support of his theory that the Apartment 10 key was planted in Apartment 14, the outcome of his Rule 29 motions would have been different. *Id.* at 8–9.

The Court disagrees.

Even if Mr. Whyte is correct, that the May 2018 text conversations about a safe were not related to the safe that was ultimately found in Apartment 10, he conceded in his Rule 29 briefing that "[t]he [G]overnment presented evidence that a locked safe existed in a closet or bedroom at Apt. #10 . . . and there was evidence that a key to that safe was found in Mr. Whyte's possession" and thus, "the jury could have found that the 10 firearms within the locked safe belonged to Mr. Whyte." Whyte Mem. for J. of Acquittal at 4. Notably, the Court did not rely on the May 2018 text conversation to determine that Mr. Whyte controlled the safe in Apartment 10. *See* Acquittal Order at 23–24 ("Mr. Whyte clearly had access to Unit 10, and the jury was presented with evidence from which it could reasonably conclude that he controlled the safe found in that same unit, which was the topic of conversation over various communications between Mr. Whyte, Mr. General, and Ms. Sarcia. Mr. Whyte's possession of ammunition, in his primary residence, that fit the guns in Unit 10 also provides evidence from which a jury could reasonably conclude that he had access to the firearms."). Therefore, there was ample other evidence that supported this determination.

Additionally, as discussed above, *United States v. Robertson* was available to Mr. Whyte in advance of the parties' briefing on the Rule 29 motions. Mr. Whyte's argument that someone planted the Apartment 10 key in Apartment 14 was also available and Mr. Whyte even relied on

8

this argument in his motion to suppress, which was filed on March 16, 2020. *See* Mem. in Supp. of Mot. to Suppress at 5, ECF No. 1018-1 ("[I]n fact, the key was placed [in Apartment 10] after a search and came from elsewhere, possibly the defendant's keychain or in his physical possession."). Rather than pursue this theory, Mr. Whyte conceded in his Rule 29 briefing that "[t]he [G]overnment presented evidence that a locked safe existed in a closet or bedroom at Apt. #10 . . . and there was evidence that a key to that safe was found in Mr. Whyte's possession" and thus, "the jury could have found that the 10 firearms within the locked safe belonged to Mr. Whyte." Whyte Mem. for J. of Acquittal at 4.

Therefore, Mr. Whyte has not identified any grounds for reconsidering the Court's ruling on his motions for acquittal and instead seeks to relitigate issues the Court has already thoroughly considered and rejected. *See Virgin Atl. Airways*, 956 F.2d at 1255 ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."); *Analytical Surveys*, 684 F.3d at 52 (noting that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple").

Accordingly, Mr. Whyte's motion for reconsideration will be denied.

### IV.   CONCLUSION

For the reasons explained above, Mr. Whyte's motion for a new trial is **DENIED** and Mr. Whyte's motion for reconsideration is **DENIED**.

In light of the notice of withdrawal, Mr. Whyte's motion for acquittal *nunc pro tunc* is **DENIED as moot**.

**SO ORDERED** at Bridgeport, Connecticut this 10th day of March, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE