UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>ANTHONY WHYTE,<br>    *Defendant*. | No. 3:19-cr-64-1 (VAB) |

**OMNIBUS RULING AND ORDER ON DEFENDANT'S MOTIONS**

On September 28, 2021, a jury convicted Anthony Whyte ("Defendant") on seven drug-trafficking related counts. *See* Jury Verdict, ECF No. 1790. At and after trial, Mr. Whyte made motions for acquittal and new trial, *see* Oral Mot. for J. of Acquittal, ECF No. 1770; Renewed Oral Mot. for Acquittal, ECF No. 1785; Mot. for Acquittal, ECF No. 1975; Mot. for New Trial, ECF No. 1967, which the Court denied, *see* Order, ECF No. 1977; Order, ECF No. 2018.

After the Court's denials of Mr. Whyte's motions for acquittal and new trial, Mr. Whyte filed (1) a motion for trial on the forfeiture of property, ECF No. 2067; (2) a motion for a *Fatico* Hearing, ECF No 2074; (3) a motion for an evidentiary hearing, ECF No. 2130; (4) a motion to bar mandatory minimum, ECF No. 2131; and (5) a motion to dismiss on the grounds of actual innocence, ECF No. 2132. For the following reasons, Defendant's motions are **DENIED**.

The Court will address all five of Mr. Whyte's pending motions in this omnibus ruling and order.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this case. *See, e.g.*, Ruling and Order on Post-Trial Motions, ECF No. 1977; Ruling and Order on Mot. for New Trial and Mot. for Reconsideration, ECF No. 2018.

## II. DISCUSSION

As a preliminary matter, Mr. Whyte raises issues in his motions subsumed by and already addressed in the Court's previous rulings on his various motions for new trial and for acquittal. *Id.*

And to the extent Mr. Whyte contests factual findings, those factual issues were resolved by the jury trial, and a court "may not usurp the role of the jury by substituting its own determination of the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *United States v. Heras*, 609 F.3d 101, 105 (2d Cir. 2010) (quoting *United States v. MacPherson*, 424 F.3d 183, 187 (2d Cir. 2005)). A court must "defer to the jury[ the] assessment of witness credibility and . . . resolution of conflicting testimony." *United States v. Bala*, 236 F.3d 87, 93–94 (2d Cir. 2000). In sum, "[t]he government's case need not exclude every possible hypothesis of innocence," *United States v. Martinez*, 54 F.3d 1040, 1042–43 (2d Cir. 1995) (internal quotation marks omitted), and where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter," *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) (alteration in original) (internal citation and quotation marks omitted).

With that preface, the Court will address Mr. Whyte's latest motions in turn.

### A. Motion for Trial on Forfeiture of property

Mr. Whyte has moved for a trial as to the forfeiture allegations and to determine the sum of money that ought to be forfeited. Motion for Trial on Forfeiture Counts at 1–2, ECF No. 2067 ("The Defendant requests a trial for this purpose on those restitution counts."). Mr. Whyte argues that the forfeiture allegations were not presented to or decided by the jury and "[a]s a result, no trier of fact has determined whether or not these or other sums ought to be forfeited." *Id*. at 1.

The United States of America (the "Government") argues that the assets Mr. Whyte lists in his motion were administratively forfeited and "Mr. Whyte has not shown that the administrative forfeiture notice process was inadequate." Gov. Resp. to Def. Whyte's Mot. for Trial on Forfeiture Counts at 1, ECF No. 2071. The Government argues that because the forfeiture was administrative, Mr. Whyte is limited to challenging the notice process, and not entitled to a forfeiture trial. *Id.*

The Court agrees.

In the second superseding indictment referenced by Mr. Whyte, the forfeiture allegations specifically state that, upon conviction of the respective offense, Defendant will forfeit "any and all money and other property" involved or traceable to the offense. *See* Second Superseding Indictment, ECF No. 704. A jury then found Mr. Whyte guilty and convicted him of all counts with forfeiture allegations. *See* Jury Verdict, ECF 1790. The Court also denied Mr. Whyte's motion for acquittal on the money laundering counts related to the forfeiture allegations. *See* Ruling and Order on Post-Trial Motions at 24–30, ECF No. 1977. Therefore, any calculation of the amounts was administrative, and as the Government argues, "[t]he right to seek to set aside the forfeiture is limited to claims of lack of adequate notice." *United States v. Brome*, 942 F.3d

550, 552 (2d Cir. 2019). Mr. Whyte has not argued that he lacked proper notice of the forfeiture amounts.

Accordingly, the Court will deny Mr. Whyte's motion for a trial on the forfeiture of property.

### B. Motion for a *Fatico* Hearing

Mr. Whyte has moved for a hearing under *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), to determine the quantity of narcotics attributable to him that are relevant to the sentencing enhancement. Mot. for Fatico Hrg. at 1., ECF No. 2074. He argues that not all of the drug transaction are attributable to him, and he contests his base level and the offense level enhancements. *Id*. at 1–2.

The Government objects to this motion because the evidence upon which the drug quantities and the enhancements rely is based on the trial record, *see* Gov. Obj. to Mot. for Fatico Hrg. at 3, ECF No. 2072, and so there is nothing further to clarify in a hearing, *id*. at 4–5 ("nothing in the defendant's motion establishes that an evidentiary hearing will provide additional clarity as to factual disputes relevant to the Court's determination of his sentence, particularly given the opportunity already provided to him at trial and in post conviction litigation"). Moreover, the Government points out that Mr. Whyte will also be able to make "both written and oral arguments to the Court at his sentencing" making a hearing "unwarranted" and a "waste of judicial resources[.]" *Id.*

The Court agrees.

"[T]he procedure followed in resolving disputed factors at sentencing rests in the district court's sound discretion. Hence, a sentencing court is under no duty to conduct a full-blown evidentiary hearing simply because contested hearsay testimony is contained in a presentence

4

report." *United States v. Prescott*, 920 F.2d 139, 144 (2d Cir. 1990) (citing *United States v. Pugliese*, 805 F.2d 1117, 1123 (2d Cir.1986)). As in *Prescott*, Mr. Whyte "urges that we require the sentencing court to hold a full-blown evidentiary hearing when the presentence report relies on hearsay testimony in order to fix a base offense level[,]" 920 F.2d at 143, but as the Second Circuit held there, a "defendant had no absolute right to present witnesses or to receive a full-blown evidentiary hearing." *Id.* (citing *Pugliese*, 805 F.2d at 1123). "The purpose of a *Fatico* hearing is to permit the prosecution and the defense [to] introduce evidence relating to the appropriate sentence . . . ." *Alexander v. United States*, No. 3:19-CV-00545 (JBA), 2022 WL 4329620, at *5 (D. Conn. Sept. 19, 2022) (citations and internal quotation marks omitted). Here, Mr. Whyte had a full-blown trial at which the prosecution and the defense introduced evidence. And any additional arguments Mr. Whyte wishes to make regarding sentencing enhancement or other issues related to sentencing can be made in his sentencing memorandum, as well as at his sentencing hearing.

    Accordingly, Mr. Whyte's motion for a *Fatico* hearing will be denied.

    **C. Motion for an Evidentiary Hearing**

    In another *pro se* motion, Mr. Whyte requests an evidentiary hearing to present the defense of being "Actually Innocent" in relation to his possession of a firearm in furtherance of drug trafficking crime. Mot. for Evidentiary Hrg. Under "Actual Innocent Gateway" and Request for Judicial Not. Pursuant to Rule 12(b) and Rule 201(e) of the Fed. R. of Evid. at 1, ECF No. 2130.

    The Government has not filed a response.

    For the reasons described in the section above, as well as for reasons already described in previous orders, *see*, *e.g.*, Ruling and Order on Post-Trial Motions, ECF No. 1977 ("The jury

5

was properly charged to find Mr. Whyte guilty of this count[, that the firearms were used in furtherance of a drug trafficking activity,] if it found that he committed a drug trafficking crime and that he knowingly possessed a firearm in furtherance of the drug trafficking crimes from Count One and/or Count Eight. The question of whether weapons were used in furtherance of a drug crime is 'a very fact-intensive question requiring a careful examination of, among other things, where the gun was located and what else was found in the apartment,' and is therefore a question for a jury." (citations omitted)); Ruling and Order on Mot. for New Trial and Mot. for Reconsideration, ECF No. 2018 ("Mr. Whyte has not identified any grounds for reconsidering the Court's ruling on his motions for acquittal and instead seeks to relitigate issues the Court has already thoroughly considered and rejected."), there is no reason to relitigate issues already previously resolved by the jury or in earlier motions to this Court. *See also Prescott*, 920 F.2d at 144 ("'[T]he long history of judicial discretion in sentencing, the strong interest in judicial economy, and . . . already over-burdened trial courts would be greatly disserved' by mandating time-consuming hearings." (quoting *United States v. Lee*, 818 F.2d 1052, 1057 (2d Cir.), *cert. denied*, 484 U.S. 956, 108 (1987)).

Accordingly, Mr. Whyte's motion for an evidentiary hearing to present the defense of being "actually innocent" will be denied.

### D.  Motion to Bar Mandatory Minimum

Mr. Whyte has filed a *pro se* motion to bar the ten-year mandatory minimum because he argues that "the government has failed to prove beyond a reasonable doubt that Mr. Whyte possessed with intent to distribute . . . ." Mot. to Bar 10 Year Mandatory Minimum Sentencing Provision at 1–2, ECF No 2131.

The Government has not filed a response.

As discussed above, this issue has previously been resolved by the jury or in earlier motions to this Court.

Accordingly for the reasons described in the sections above, Mr. Whyte's motion to bar the mandatory minimum will be denied.

### E. Motion to Dismiss on the grounds of Actual Innocence

Mr. Whyte has filed a *pro se* motion to dismiss on the grounds that he is "Factually and Actually innocent of possessing a firearm in furtherance of a drug trafficking crime[.]" Mot. to Dismiss 18 U.S.C. 924(C)(1)(A) on the Grounds of Being Actual Innocence at 17, ECF No. 2132.

The Government has not filed a response.

As discussed above, this issue has previously been resolved by the jury or in earlier motions to this Court.

Accordingly for the reasons described in the sections above, Mr. Whyte's motion to dismiss based on actual innocence will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Whyte's (1) motion for trial on forfeiture of property, ECF No. 2067; (2) motion for a *Fatico* Hearing, ECF No 2074; (3) motion for an evidentiary hearing, ECF No. 2130; (4) motion to bar mandatory minimum, ECF No. 2131; and (5) motion to dismiss on the grounds of actual innocence, ECF No. 2132.

**SO ORDERED** at New Haven, Connecticut, this 24th day of May, 2024.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge